UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAR 28 2019

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE MATTER OF THE APPLICATION )
OF THE UNITED STATES OF AMERICA )
FOR SEARCH AND SEIZURE WARRANTS )
FOR: )
 )
1385 CAMINO DE JACOBO )
STORAGE UNIT 860 )
SANTA FE, NEW MEXICO 87507 )

FILED UNDER SEAL

MISC. NO. 19-0747 TJS

## AFFIDAVIT IN SUPPORT OF SEARCH AND SEIZURE WARRANT

Your Affiant, Keith A. Custer, being first duly sworn, deposes and states as follows:

### INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), United States Department of Justice. I have been employed by the FBI for approximately twelve years, during which time I have been assigned to the Baltimore Division. I am currently assigned to a white collar crime squad. I have received instruction and training, along with investigative experience in securities fraud, mortgage fraud, financial institution fraud, healthcare fraud, and money laundering. In addition, I have received training in computer forensics and electronic mail ("email") analysis. In the course of conducting or participating in criminal investigations, I have been involved in interviewing and debriefing witnesses and informants; conducting physical surveillance; analyzing bank records and other financial documents; analyzing telephone records; collecting and analyzing evidence; and preparing and executing search and seizure warrants.

2. I have personally participated in this investigation and have witnessed many of the facts and circumstances described herein. I have also received information from other law enforcement officers relating to this investigation. The information set forth in this affidavit is based on my own observations and review of documents, or reliable information provided to me by other law enforcement personnel. I am setting forth only those facts and circumstances necessary to establish probable cause for the issuance of the requested search warrants. Unless otherwise indicated, all written and oral statements referred to herein are set forth in substance and in part, rather than verbatim.

3. This affidavit is being submitted in support of a warrant to search the following location:

- Extra Space Storage, 1385 Camino de Jacobo, Storage Unit 860, Santa Fe, NM 87507 (**SUBJECT PROPERTY**) as described more fully in Attachment A.

The purpose of this proposed search is to find and seize assets belonging to **Dawn BENNETT** ("**BENNETT**").

4. Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2) and 28 U.S.C. § 2461(c), this court has jurisdiction to issue seizure warrants for personal property subject to forfeiture to the United States. Furthermore, 21 U.S.C. § 853(l), allows this court to issue orders for property located in other districts which is subject to forfeiture. Based on the facts set forth in this affidavit, I submit that there is probable cause to believe that a search of the **SUBJECT PROPERTY** will uncover assets belonging to **BENNETT** that are subject to forfeiture.

## CASE BACKGROUND

5. In January 2016, the Baltimore Division of the FBI initiated an investigation into allegations of wire fraud and security fraud being committed by **BENNETT**. **BENNETT** was alleged to have been running a Ponzi scheme, through her business DJBennett.com, targeting former clients of her investment advisory business. The FBI executed search warrants at **BENNETT's** home in Chevy Chase, Maryland and her nearby business on August 2, 2017, and **BENNETT** was arrested on August 25, 2017 in Santa Fe, New Mexico pursuant to an arrest warrant issued based on a Criminal Complaint. **BENNETT** was subsequently indicted in the District of Maryland on September 11, 2017 (see criminal case 8:17-cr-00472-PX, ECF No. 15), and a superseding indictment was returned on November 29, 2017 (ECF No. 110) charging her with one count of Conspiracy to Commit Securities Fraud (18 U.S.C. § 371), four counts of Securities Fraud (15 U.S.C. §§ 78j(b) & 78ff), one count of Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349), nine counts of Wire Fraud (18 U.S.C. § 1343), one count of Bank Fraud (18 U.S.C. § 1344), and one count of False Statements on a Loan Application (18 U.S.C. § 1014).

6. On October 17, 2018, a jury in this District found **BENNETT** guilty on all 17 counts charged by the superseding indictment following trial (ECF No. 386).

7. Following trial, the government filed a motion for preliminary order of forfeiture, seeking a money judgement in favor of the United States for $14,306,842 (ECF No. 404). This amount represents the proceeds **BENNETT** obtained, directly or indirectly, as a result of the offenses to which she was found guilty. On December 12, 2018, United States District Judge Paula Xinis granted the Government's motion and entered a preliminary order of forfeiture in the amount of $14,306,842 (ECF No. 409).

## SUBSTITUTE ASSETS

8.      Under 21 U.S.C § 853(p), the Government may forfeit other property of **BENNETT** unrelated to the crime, or "substitute assets," up to the amount of the directly forfeitable property, if the Government shows that the property directly traceable to the crime, as a result of any act or omission of the Defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty. As the lead investigator in this case I have made an earnest effort to locate assets that are directly traceable to **BENNETT's** fraud scheme, and to date have been unsuccessful with the exception of items seized during the August 2017 search warrant which have an estimated liquidation value of less than $500,000, and the property discussed below. In addition, much of the fraud proceeds have been transferred to third parties including attorneys, the Dallas Cowboys football club, banks, and, other creditors.

## BENNETT'S INSOLVENCE

9.      During the course of the investigation, an FBI forensic accountant performed a detailed analysis of **BENNETT's** personal financial accounts, assets, and liabilities, and those of her wholly-owned holding company DJB Holdings LLC (later renamed to Province of the Dragon LLC) which did business as DJBennett.com. By the time of **BENNETT's** arrest in August 2017, she had no source of income, outside of the fraud scheme for which she was convicted. Her business was highly unprofitable and, she, her business, and her assets were all highly leveraged. At the time of her arrest, based on the financial affidavit she submitted, she qualified for court-appointed counsel.

4

10. In early 2018, **BENNETT** received a lump sum payment of close to $1 million from Christie's after the forced liquidation at auction of two pieces of art which she had borrowed against. **BENNETT** used these proceeds to retain private counsel. It is my belief that these funds have been fully or nearly fully depleted paying for **BENNETT's** criminal defense.

11. Foreclosure proceedings were initiated against the two Chevy Chase, Maryland condominium units **BENNETT** utilized as her primary residence on June 14, 2018 in the Circuit Court for Montgomery County. The Circuit Court for Montgomery County issued a Final Ratification of Sale Order on December 14, 2018 for both units.

12. Based on my knowledge of the FBI investigation into **BENNETT** and her assets and finances, she used the proceeds of her scheme to keep afloat her failing business and to maintain her lifestyle. As the evidence at trial indicated, the vast majority of the $14,306,842 has been depleted through non-recoverable expenditures including, but not limited to: employee salaries, business rent, attorney fees, personal mortgage payments, operating expenses, luxury box lease fees, cosmetic procedures, and various other personal purchases. Based on my knowledge of the FBI investigation and **BENNETT's** current financial state, assets traceable to the fraud scheme, even if they can be recovered, will fall far short of being able to satisfy the preliminary order of forfeiture. As such, it will be necessary to locate and seize assets owned by **BENNETT** that can be used as substitute assets to satisfy the judgment against her, as allowed by 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2) and 28 U.S.C. § 2461(c).

**PRIOR SEIZURE WARRANTS**

13. On January 22, 2019, United States Magistrate Judge Timothy J. Sullivan, based on many of the same facts contained in this affidavit, authorized search warrants for:

- **BENNETT's** former residence located at Somerset House II, 5610 Wisconsin Avenue, Units PH 21C and PH 21D, Chevy Chase, MD 20815;
- Extra Space Storage, 10400 Old Columbia Road, Storage Units 4385, 4388, and 4448, Columbia, MD 21046, and;
- Security Public Storage, 5223 River Road, Storage Unit 1089, Bethesda, MD 20816.

14. In addition, Judge Sullivan authorized three seizure warrants for the following vehicles owned by **BENNETT**:

- 2003 Morgan Plus Eight with a National Auto Dealers Association ("NADA") estimated value as of 11/5/18 of $94,100;
- 2006 Land Rover Range Rover Sport with a NADA estimated value as of 11/5/18 of $6,425, and;
- 1988 Mercedes Benz 560 SL with a NADA estimated value as of 11/5/18 of $13,150.

15. All six of the warrants listed above were executed between January 22, 2019 and February 1, 2019. Personal property was seized from Bennett's former residence and her storage units. At this time, contractors for the United States Marshals Service ("USMS") Asset Forfeiture Division, Personal Property Unit are in the process of appraising all of the seized items in anticipation of eventually liquidating them at auction. Prior to the FBI executing the above search warrant in January 2019, civil plaintiffs who had sued **BENNETT** in the Circuit Court of Maryland for Montgomery County had gained access to and estimated the value of **BENNETT's** personal property located in her condominium units to be less than $400,000. This figure is consistent with discussions that I have had with the USMS contractors regarding the

6

liquidation value of **BENNETT's** personal property, including the property from the condominium units and the items that were seized from the Bethesda storage unit, which included only four boxes of houseware and a rattan cart.

16. The search of the Columbia storage units yielded a substantial amount of business inventory. Most notably, 434 boxes of primarily high-end sports apparel, 35 large bags of sports apparel, and eight boxes containing approximately 146 pairs of assorted athletic footwear were seized. Although the retail value of some of these individual items can be in excess of $500 in some cases, the liquidation value will be significantly less than retail considering the items will be several years removed from the current fashion year when they are liquidated. A conservative estimate of the liquidation value of all of the inventory, office equipment, and other items seized from the Columbia storage units is in the range of $250,000 to $750,000.

17. In summary, the total estimated liquidation value for the vehicles and other property items seized in the course of the execution of the warrants above is approximately $763,675 to $1,263,675. This figure, combined with the assets seized during the August 2017 search warrant, which were estimated at less than $500,000, falls far short of being able to satisfy the $14,306,842 judgment against **BENNETT**.

## CONTENTS OF SUBJECT PROPERTY

18. **BENNETT's** current counsel has represented to the Government that it has assisted her in making rent payments for the **SUBJECT PROPERTY** through at least January 2019. On February 1, 2019, a representative from Extra Space Storage confirmed to me that **BENNETT** was still the lessee of the **SUBJECT PROPERTY**. **BENENTT's** former personal assistant has related to law enforcement that he traveled to Santa Fe, New Mexico in August

2017 after **BENNETT** had signed a one year lease on a rental home there. **BENNETT** directed the assistant to prepare the rental home for her to move in, and he supervised the delivery and installation of several pieces of exercise equipment, office equipment, dishes, kitchenware, appliances, and clothes. At the end of **BENNETT's** lease in approximately April 2018, the assistant packed these items and transported them to the **SUBJECT PROPERTY** with the assistance of a moving company. This account was corroborated to me by the property manager of the rental home. The assistant also advised me that **BENNETT** had shipped a large table to New Mexico that she told him she had purchased for $250,000. This table was never moved into the rental home and is still located in the **SUBJECT PROPERTY**, although the assistant believes that it may have been damaged during shipment or by exposure to the elements when it was stored in a non-climate controlled storage unit prior to being moved to the current climate controlled unit.

## CONCLUSION

19. Based on the above conversations and my review of **BENNETT's** financial records, I believe the **SUBJECT PROPERTY** will contain forfeitable assets, both directly traceable to fraud proceeds and substitute assets. The total estimated liquidation value of all of the **BENNETT's** property identified to date is far below the $14,306,842 preliminary order of forfeiture. With most of the fraud proceeds having been depleted, transferred, or unable to be located, and **BENNETT** having now been convicted on all counts in the superseding indictment, and a preliminary order of forfeiture having now been entered, **BENNETT's** property can be seized as substitute assets to partially satisfy the $14,306,842 judgment against her.

20. Based on the facts set forth herein, I respectfully submit that there is probable cause to believe that the **SUBJECT PROPERTY**, described in Attachment A, contains assets that are subject to seizure pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2) and 28 U.S.C. § 2461(c) based on her conviction of violations of 18 U.S.C. §§ 371, 1014, 1343, 1344, & 1349, and 15 U.S.C. §§ 78j(b) & 78ff. Therefore, I request the issuance of a search and seizure warrant pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure in order enter and search the **SUBJECT PROPERTY** and seize any items of value that are subject to forfeiture, more particularly described in Attachment B, items to be seized.

21. In addition, given the volume, size, and nature of the personal property that will be seized, which I expect will include, several large pieces of hand-crafted furniture, exercise equipment, clothing, purses and shoes, and potentially delicate pieces of art, I will be enlisting the support of the United States Marshals Service ("USMS") and trained moving professionals to effect the seizures. I have had initial consultations with individuals at USMS regarding the **SUBJECT PROPERTY** and have been advised that the seizure process may take more than one day. I therefore request the authority to take the time reasonably required to execute the requested warrant in a careful and expeditious manner to prevent any damage to the **SUBJECT PROPERTY** and the items being seized and to properly catalog and document the items being seized. I do not expect any of the warrants to take longer than two days to execute.

22.     Your Affiant has signed this document under oath as to all assertions and allegations contained herein and states that its contents are true and correct to the best of his knowledge.

*Keith A. Custer*
Keith A. Custer, Special Agent
Federal Bureau of Investigation
Department of Justice

Subscribed and sworn to me on this ___4th___ day of March, 2019.

~~Duty~~ Magistrate Judge Timothy J. Sullivan
United States Magistrate Judge
District of Maryland

10